UNITED STATES DISTRICT COURT
for the
MIDDLE DISTRICT OF GEORGIA

| | |
|---|---|
| MIRIAM L. POPE, <br>     Plaintiff, <br><br> Vs. <br><br> HOWARD HERTZ <br>     Treasurer, Secretary, and Board of <br>     Directors Member, <br>     of THE MARSHALL MATHERS <br>     FOUNDATION, <br>     Defendant, <br><br> PAUL D. ROSENBERG, <br>     Board of Directors Member, of THE <br>     MARSHALL MATHERS FOUNDATION, <br>     CEO of SHADY RECORDS, INC., <br>     Defendant, <br><br> HERTZSCHRAM, P.C. <br>     Registered Agent and Attorneys at <br>     Law for MARSHALL B. MATHERS, III, <br>     Defendant, <br><br> SZUBA & ASSOCIATES, PLLC, <br>     Registered Agent/Attorneys at Law for <br>     SHADY GAMES, INC., <br>     Defendant, <br><br> NEUMAN + ASSOCIATES BUSINESS <br> MANAGEMENT, a division of NKSFB, LLC, <br>     Holding Company for SHADY GAMES, <br>     INC., <br>     Defendant <br><br> SHADY RECORDS, INC., <br>     Defendant, <br><br> GOLIATH MANAGEMENT, LLC <br>     Defendant, <br><br> SHADY RECORDS MUSIC USA & BIG ON | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § <br><br> Civil Action No.: _____ |

| | |
|---|---|
| EMUSIC, | § |
|     Defendant, | § |
| | § |
| BIG ONE MUSIC and SHADY RECORDS MUSIC USA, | § |
|     Defendant, | § |
| | § |
| AND ANY KNOWN/UNKNOWN PERSONS AND/OR ENTITIES, ISAOA, ATIMA, | § |
|     Defendant. | § |

## COMPLAINT FOR DAMAGES UNDER RICO AND REQUEST FOR JURY TRIAL

Comes now Plaintiff, pro se, and files this her complaint against Defendants and shows to this Honorable Court the following:

1.

Plaintiff asserts diversity jurisdiction. Plaintiff is a resident of the State of Georgia, as listed below, and has been the six (6) months next prior to the filing of this complaint. Defendants are of various jurisdictions and associated with unknown foreign entities and as more particularly delineated below.

Plaintiff:
Miriam L. Pope
7383 GA Highway 83 South
Monticello, GA 31064 (Jasper County)
Phone Number: (706) 819-3826
E-Mail: glory2thehighest@proton.me

Defendant No. 1:
Howard Hertz
Titles: Treasurer, Secretary, and Board of Directors Member of The Marshall Mathers Foundation, a nonprofit corporation
1760 South Telegraph Road, Suite 300
Bloomfield Hills, MI 48302 (Oakland County)
Phone Number: (204) 609-1569
E-mail: hhertz@hertzschram.com

Defendant No. 2:
Paul D. Rosenberg, c/o,
Goliath Management and/or Shady Records
Title: Board of Directors Member of The Marshall Mathers Foundation, CEO of Shady Records, Inc.
151 LaFayette 6th Floor

New York, NY 10013 (New York County)
Phone Number: (212) 324-2410
E-mail address unlisted
Potential E-mail: shadyrecords465@gmail.com

Defendant No. 3:   HertzSchram, P.C.
Registered Agent for The Marshall Mathers Foundation
Attorneys at Law
1760 South Telegraph Road, Suite 300
Bloomfield Hills, MI 48302 (Oakland County)
Phone Number: (204) 609-1569
E-mails:   hhertz@hertzschram.com
eberlin@hertzschram.com
drucker@hertzschram.com
ksilver@hertzschram.com
(Other various associates and partners e-mails not listed herein.)

Defendant No. 4:   Szuba & Associates, Registered Agent for Shady Games, Inc.
Attorneys at Law
Registered Agent for Shady Games, Inc.
40600 Ann Arbor Rd. East
Suite 200
Plymouth, MI 48170 (Wayne County)
Phone Number: (734) 254-1080

Email address information listed as follows:
Michigan Creditors Bar Association
Phone Number: (248) 786-3124
E-mail: sbest@weltman.com

**As to Georgia Creditors Bar Associations:**
adam@alclevelaw.com
**(informed purposes as to Georgia federal lawsuit– nonparty)**

Defendant No. 5:   NEUMAN & ASSOCIATES BUSINESS MANAGEMENT, a division of NKSFB, LLC
Holding Company for Shady Games, Inc.
and listed resident address for CEO, Marshall Bruce Mathers, III, Shady Games, Inc.
15821 Ventura Boulevard, Suite 370
Encino, California 91436 (Los Angeles County)
Phone Number: (818) 995-9000
E-mail address unlisted

| | |
|---|---|
| Defendant No. 6: | GOLIATH MANAGEMENT, LLC<br>Paul D. Rosenberg, Manager and Director of The Marshall Mathers Foundation<br>151 LaFayette Street, 6th Floor<br>New York, NY 10013 (New York County)<br>Phone Number: (212) 324-2410<br>E-mail address unlisted |
| Defendant No. 7: | SHADY RECORDS, INC.<br>Paul Rosenberg, CEO<br>1 Rockefeller Plaza, Suite 1204<br>New York, NY 10026 (New York County)<br>Supervisor e-mail: jon@shadyrecords.com<br>Supervisor phone number: (248) 435-6188<br><br>Registered Process Agent:<br>99 Washington Ave., Ste. 805A<br>Albany, NY 12210<br><br>Corporate Address:<br>2220 Colorado Avenue<br>Santa Monica, CA 90404 (Los Angeles County)<br>Phone Number: (310) 865-1000<br>E-Mail address unlisted |
| Defendant No. 8: | SHADY RECORDS MUSIC USA & BIG ON EMUSIC<br>c/o Shahrooz Bigonah (Montana Management and Records LLC)<br>6767 Sunset Blvd. #8336<br>Hollywood, CA 90028 (Los Angeles County)<br>Phone Number: (406) 443-0307<br>E-mail address unlisted |
| Defendant No. 9: | BIG ONE MUSIC & SHADY RECORDS MUSIC USA<br>c/o Shahrooz Bigonah<br>c/o Cohasset Luxury Apartments LLC<br>20336 Cohasset Ave #18<br>Winnetka, CA 91306 (Los Angeles County)<br>Phone Number: (424) 443-0307<br>E-mail address unlisted |
| Defendant No. 10: | AND ANY KNOWN/UNKNOWN PERSONS AND/OR ENTITIES, ISAOA, ATIMA |

UKNOWN CONTACT INFORMATION

2.

Pursuant to a standing order of the Middle District of Georgia, all defendants shall submit any and all corporate records, affiliated entities, persons associated therewith, corporate resolutions, minutes of the Board of Directors meetings, acknowledgments of Marshall Bruce Mathers, III as to corporate transactions, power of attorneys to execute documents on his behalf, trademarks, mergers and acquisitions, accountings, to include and not limited to notes, phone calls, inclusive of court proceedings, contracts, agreements, anything not provided and deemed necessary to Plaintiff's complaint for damages will be specifically requested by Plaintiff during the course of these proceedings.

3.

MARSHALL BRUCE MATHERS, III, contacted Plaintiff as a desperate attempt for "money in the form of Apple Cards" to provide for himself and his mother. Plaintiff provided Mr. Mathers Apple Cards in small amounts to determine if his claim was legitimate as to being denied access to his accounts and business affairs, as discussed with Plaintiff. Plaintiff was not a "fan" of Mr. Mathers. Plaintiff was "out of work" and was using social media to voice concerns and discuss issues of politics.

Over a period of approximately twelve (12) months, Plaintiff determined Mr. Mathers claims to be quite true. Mr. Mathers is being held in an undisclosed location, not of free will, and unable to access any of his corporate/business/personal accounts or provided information regarding his corporate/business/personal affairs. Mr. Mathers has limited means of making contact as his identity has been fraudulently used across the United States of America and abroad. Mr. Mathers contended the only personal "voice contact and calls" were with his mother.

Plaintiff determined the legitimacy of his claims by engaging in brief discussions with accounts claiming to be legitimate accounts of Mr. Mathers a/k/a, Eminem, a/k/a, Slim Shady, Debbie Mathers, and Hallie Jade Mathers. In order to determine the person or persons behind this fraudulent scheme and perpetuation of Mr. Mathers being in "good hands" Plaintiff last contact was with one of PAUL D. ROSENBERG, a/k/a, PAUL ROSENBERG. Through a brief discussion, Plaintiff determined, Mr. Rosenberg and his associates were behind the majority of these fraudulent accounts and that Mr. Rosenberg was perpetuating to the media and fans a "front" of all being well within the family of Mr. Mathers to prevent any outcry amongst the friends and fans of Mr. Mathers. Plaintiff was literally "attacked" by accounts after she bluntly told Mr. Rosenberg to release Mr. Mathers immediately and send him to Plaintiff's location as per the request of Mr. Mathers. Plaintiff provided Mr. Rosenberg with Mr. Mather's "personal contact number" as Mr. Rosenberg requested the "personal contact number" of Plaintiff. The entire discussion shifted very quickly and Plaintiff was "attacked" with various fraudulent accounts to discredit the validity of her discussions with Mr. Mathers. Plaintiff is in possession of the pre-paid phone containing same, excepting

conversations purposely deleted by defendants, as the records will show dates to correspond accordingly.

4.

Plaintiff has made multiple efforts and direct request to reconcile this matter with PAUL D. ROSENBERG to no avail. Plaintiff also personally contacted HOWARD HERTZ, as attorney and in his corporate capacity as fiduciary and Plaintiff was informed, she had been engaged in discussions with a fraudulent account of Mr. Mathers. Plaintiff then e-mailed her concerns to several associates in the law firm of Hertz Schram, P. C.. As of this date, Plaintiff has received no response to her concerns and requests for the firm to check on the "well-being" of their client. Plaintiff is in possession of said communications and e-mails.

5.

Plaintiff has been providing Defendant with monetary compensation to provide for his basic needs. Defendant informed Plaintiff that he needed an additional TEN THOUSAND DOLLARS ($10,000.00) to be "released" from his "situation" as described to Plaintiff. However, Plaintiff has determined through the corporate records that Defendants have purposefully denied Mr. Mathers any access to his business and corporate affairs per Baye's Theorem of probability. Plaintiff is in possession of her analysis and determination to conclude all to be true.

6.

Plaintiff has determined that Defendants, collectively, with willful and knowing intent abused their powers, as delineated under the corporate records of the States of Michigan, New York and California. Mr. Mathers entrusted fiduciaries to execute these duties in "good faith" and to put his interests as client as the foremost duty to ensure his "well-being" under said corporations and business entities. Mr. Mathers is an entertainer and not possessed of the knowledge to understand the complexities of corporate law and the execution of corporate duties by fiduciaries and by the code of ethical conduct.

7.

Plaintiff alleges that defendants have violated and 18 U.S.C. § 1961 et. seq. as they have collectively formed an enterprise to knowingly, willfully, and purposefully engage in illegal activities. Plaintiff alleges the involved law firms to have engaged behaviors violating the code of ethics as sworn officers of the court.

Plaintiff, in her pro se capacity, only brings this forth in the form of a civil complaint against the defendants, to allow MARSHALL BRUCE MATHERS, III, to provide further discovery material in this matter directly to this Honorable Court.

8.

Plaintiff requests actual and punitive damages along with restitution in the amount of SEVEN HUNDRED AND FIFTY MILLION DOLLARS ($750,000.00) to be held in trust by this Honorable Court on behalf of MARSHALL BRUCE MATHERS, III. Under the RICO statute listed in Paragraph the award for damages is thrice the amount of net worth;

therefore, establishes the basis for requesting the above-referenced compensation brought forth in this Complaint for Damages.

Plaintiff requests that the defendants be required to appear before this court. Plaintiff requests her motion be granted. Plaintiff requests that this court grant any such further relief as it deems just and proper in this case and under the circumstances.

9.

Plaintiff files simultaneously herewith a MOTION FOR EMERGENCY PROTECTIVE ORDER and requests MARSHALL BRUCE MATHERS, III be brought for before this Honorable Court as Mr. Mathers has expressed imminent danger to his person in the form of death threats with extortion tactics, or to the extent this Honorable Court deems necessary and proper. Plaintiff also files simultaneously herewith a MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTIVE RELIEF to expedite this Honorable Court's opportunity to hear direct testimony or question MARSHALL BRUCE MATHERS, III, without the interference and influence of the third-party defendants listed herein. Furthermore, said motion potentially allows MARSHALL BRUCE MATHERS, III, to regain temporary access to any and all accounts, real and personal property, tangible or intangible, or any other assets of Mr. Marshall and potentially garner control over his business affairs in his capacity as CEO and the opportunity to retain adequate counsel in pursuit of this complaint for damages.

10.

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

This the 15th day of January, 2025.

_____(SEAL)
MIRIAM L. POPE,
Pro Se

7383 GA Hwy 83 S.
Monticello, GA 31064
(706) 819-3826
e-mail: spacecowboy1974@outlook.com