IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| MIRIAM L. POPE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CASE NO. |
| v. | : | 5:25-CV-24 (CAR) |
| | : | |
| HOWARD HERTZ; PAUL D. | : | |
| ROSENBERG; HERTZ SCHRAM P.C.; | : | |
| SZUBA & ASSOCIATES, PLLC; | : | |
| NEUMAN + ASSOCIATES BUSINESS | : | |
| MANAGEMENT; SHADY RECORDS, | : | |
| INC.; GOLIATH MANAGEMENT, | : | |
| LLC; SHADY RECORDS MUSIC USA | : | |
| & BIG ONE MUSIC; NEUMAN & | : | |
| ASSOCIATES BUSINESS | : | |
| MANAGEMENT; BIG ONE MUSIC & | : | |
| SHADY RECORDS MUSIC USA; and | : | |
| JOHN/JANE DOES; | : | |
| | : | |
| Defendants. | : | |

**ORDER ON MOTION TO PROCEED IN FORMA PAUPERIS**

Currently before the Court is *pro se* Plaintiff Miriam L. Pope's Motion to Proceed *In Forma Pauperis* ("IFP"). Having reviewed Plaintiff's Affidavit, it appears she is unable to pay the cost of commencing this action or the United States Marshal service fees. Accordingly, Plaintiff's Motion to Proceed IFP [Doc. 2] is **GRANTED**. However, as explained below, Plaintiff's Complaint [Doc. 1] is **DISMISSED** as frivolous.

1

**A. Motion to Proceed IFP**

Motions to proceed IFP are governed by 28 U.S.C. § 1915(a)(1), which provides:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses[1] that the person is unable to pay such fees or give security therefor.

When considering a motion to proceed IFP filed under § 1915(a), "[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty."[2] The Court should accept statements contained in an IFP affidavit, "absent a serious misrepresentation."[3] Although a litigant need not show she is "absolutely destitute" to qualify under § 1915(a), she must show that "because of [her] poverty, [s]he is unable to pay for the court fees and costs, and to support and provide necessities for [her]self and [her] dependents."[4]

The Court has reviewed Plaintiff's application to proceed IFP and is satisfied that she cannot pay the court fees because of poverty. Plaintiff states her only income is $500 per month she receives in alimony, and her monthly expenses total $1,470.[5] Although

---

[1] "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).
[2] *Martinez v. Kristi Keaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (internal quotation marks and citation omitted).
[3] *Id.*
[4] *Id.* (citation omitted).
[5] Plaintiff's Motion to Proceed *In Forma Pauperis* [Doc. 2] at 1, 2, 5.

2

Plaintiff's assets include a home worth $167,300 and a 2016 Nissan Altima worth $3,500,[6] the Court finds because of her poverty she is unable to pay the Court fees and provide for herself. Thus, Plaintiff qualifies as a pauper under § 1915, and her Motion [Doc. 2] is **GRANTED**.

### B. Preliminary Screening

Because Plaintiff is proceeding IFP, the Court is required to screen her Complaint and must *sua sponte* dismiss the complaint or portion thereof which (1) is found to be frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.[7] Title 28 U.S.C. § 1915(e) "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."[8] "Clearly baseless" factual allegations include those that are "fanciful," "fantastic," and "delusional."[9]

Dismissal for failure to state a claim is appropriate when the facts as pleaded do not state a claim for relief that is "plausible on its face"[10] and is governed by the same

---

[6] *Id.* at 3.
[7] 28 U.S.C. § 1915(e)(2)(b).
[8] *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).
[9] *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (quoting *Neitzke*, 490 U.S. at 325, 327).
[10] *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

standard as a dismissal under Federal Rule of Civil Procedure 12(b)(6).[11] But, *pro se* "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."[12] A claim is plausible where the plaintiff alleges factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[13] The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports a plaintiff's claims.[14]

Upon review of Plaintiff's Complaint, the Court concludes that Plaintiff's claim is frivolous, indisputably meritless, and relies on factual allegations that are clearly baseless. Plaintiff alleges she was contacted by Marshall Bruce Mathers, III—also known as Eminem, a world famous rapper and record producer—through her social media account in 2023 and has remained in contact with him for approximately twelve months.[15] Through her communications with this online account, which Plaintiff believes to be run by Mathers, Plaintiff determined that Mathers is "being held in an undisclosed location, not of free will, and unable to access any of his corporate/business/personal accounts" or any information "regarding his corporate/business/personal affairs."[16] Plaintiff claims

---

[11] *See, e.g., Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).
[12] *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) (citations omitted).
[13] *Ashcroft*, 556 U.S. at 663.
[14] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007).
[15] Complaint [Doc. 1] at 5.
[16] *Id.*

4

Mathers explained to her that he has "limited means of making contact as his identity has been fraudulently used across the United States of America and abroad."[17] Plaintiff alleges she determined these claims to be true through "brief discussions" with accounts "claiming to be legitimate accounts" of Mathers, Mather's mother, and Mather's daughter.[18]

Plaintiff personally contacted Defendant Paul Rosenberg, CEO of Defendant Shady Records, Inc., and Defendant Howard Hertz, Mathers' attorney.[19] Plaintiff contends Rosenberg and his associates are behind a number of fraudulent social media accounts that have "attacked" her after she requested Mathers' release.[20] Hertz informed Plaintiff that "she had been engaged in discussions with a fraudulent account of Mr. Mathers."[21] Plaintiff then emailed her concerns about Mathers' well-being to several associates at Defendant Hertz Schram P.C., but has not received any response.[22]

Plaintiff has sent this person, who she believes to be Mathers, $10,000 "to provide for his basic needs."[23] Mathers now requests an additional $10,000 from Plaintiff "to be 'released' from his 'situation,'"[24] which Plaintiff views as an additional extortion tactic by

---

[17] *Id.*
[18] *Id.*
[19] *Id.* at 5–6.
[20] *Id.* at 5.
[21] *Id.* at 6.
[22] *Id.*
[23] *Id.*
[24] *Id.*

Defendants.[25] Plaintiff now brings suit against Defendants Howard Hertz; Paul D. Rosenberg; Hertz Schram P.C.; Szuba & Associates, PLLC; Neuman + Associates Business Management; Shady Records, Inc.; Goliath Management, LLC; Shady Records Music USA & Big One Music; Big One Music & Shady Records Music USA; and John or Jane Does alleging violations of the Racketeer Influenced and Corrupt Organizations ("RICO") Act.[26] Plaintiff seeks $750,000,000 in damages to be held in trust for Mathers. Plaintiff also filed a Motion for Temporary Restraining Order and Preliminary Injunctive Relief.[27]

Plaintiff's RICO claims against the listed Defendants are patently frivolous. The Court believes Plaintiff brings this action in good faith; however, this action must be dismissed because these allegations are "wholly incredible," "irrational," and "delusional."[28] A simple Google search reveals Mathers remains in the public eye. In the last month alone, Mathers attended both of the Detroit Lions games in the National Football League playoffs.[29] Moreover, if Mathers has been able to maintain contact with

---

[25] Memorandum in Support of Plaintiff's Motion for Temporary Restraining Order [Doc. 3-1 at 3].
[26] 18 U.S.C. §§ 1961–68.
[27] Doc. 3.
[28] *See Denton*, 504 U.S. at 33.
[29] *See* Michael Saponara, *Eminem & Flavor Flav Link Up to Cheer on Detroit Lions: 'Name an NFL Team with a More Iconic Trio'*, BILLBOARD (Jan. 6, 2025), https://www.billboard.com/music/rb-hip-hop/eminem-flavor-flav-detroit-lions-vikings-game-1235869963/; *see also* Jack Savage, *Eminem Watched Commanders Run Play Called Slim Shady to Seal Win over His Beloved Lions in Detroit*, TALKSPORT (Jan. 22, 2025, 11:07 PM), https://talksport.com/nfl/2822316/detroi-lions-washington-commanders-slim-shady-eminem-jayden-daniels/.

Plaintiff for twelve months, he would have been able to contact law enforcement using the same means. It appears to the Court that Plaintiff has been scammed by unknown individual(s) posing as Marshall Mathers and his family members. Unfortunately, Plaintiff's online communications have not been with the "real Slim Shady," and someone else is "just imitating."[30] Her allegations are clearly baseless, and further amendment will not cure the insufficiencies. Thus, this action must be dismissed.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Proceed IFP [Doc. 2] is **GRANTED**, but Plaintiff's Complaint [Doc. 1] is **DISMISSED without prejudice** as frivolous.[31]

**SO ORDERED,** this 28th day of January, 2025.

S/ C. Ashley Royal_____
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[30] As Mathers stated in his song *The Real Slim Shady*, "All you other Slim Shadys are just imitating/ So won't the real Slim Shady please stand up." EMINEM, THE MARSHALL MATHERS LP (Aftermath Ent. & Interscope Recs. 2000).

[31] Plaintiff's Motion for Temporary Restraining Order [Doc. 3] is **TERMINATED as moot**.